| | | |
|---|---|---|
| *Shane v. U.S.*<br>96–108 C | Mercury FSLA<br>Huntington Beach, CA | Shane |
| *Smith v. U.S.*<br>92–540 C | North Carolina FSLA<br>Charlotte, NC | Smith |
| *Southwest Investment Co., Inc. v.*<br>*U.S.*<br>95–544 C | First Louisiana FSB, FA<br>LaFayette, LA | Southwest<br>Investment Corp. |
| *Suess v. U.S.*<br>90–381 C | The Benjamin Franklin<br>FS&LA<br>Portland, OR | Suess |
| *Thrall v. U.S.*<br>95–797 C | Western FSLA<br>Marina del Rey, CA | Thrall |
| *Tucker Anthony, Inc. v. U.S.*<br>95–527 C | Atlantic Federal Financial<br>Bala Cynwyd, PA | Tucker Anthony |
| *Wallace v. U.S.*<br>95–805 C | Centrust Bank<br>Miami, FL | Wallace |
| *Western Federal Savings & Loan*<br>*Assoc. v. U.S.*<br>92–820 C | Western SB<br>Marina del Rey, CA | WestFed |
| *Winstar Corp. v. U.S.*<br>90–8 C * | United Savings Bank, FSB<br>Windom, NM | Winstar |

*This case was one of seven in which a failed thrift was a named plaintiff and in which, by order dated March 11, 1997, the Federal Deposit Insurance Corporation (as receiver or as manager of the FSLIC Resolution Fund) was substituted for the failed thrift.

**LANDMARK LAND COMPANY, INC., Plaintiff,**

and

**Federal Deposit Insurance Corporation, as Successor to the Rights of Oak Tree Savings Bank, a State Savings Bank, Plaintiff Intervenor,**

**v.**

**The UNITED STATES, Defendant.**

**No. 95–502 C.**

United States Court of Federal Claims.

June 17, 1999.

Paul M. Fish, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, New Mexico, for plaintiff Landmark Land Company.

Richard H. Kamp, Federal Deposit Insurance Corporation, Dallas, Texas, with whom were John V. Thomas, Richard Falkow, Norman Friedman, Richard Gill and Linda Marcusen, for plaintiff intervenor FDIC.

Arlene Pianko Groner, with whom were Glenn Chernigoff, Gary Dernelle, Tom Forgue, Elizabeth Frank, Craig Gottlieb, Matthew Lee, Delisa Sanchez, Ho Sik Shin, Tonya J. Williams, Jeanne E. Davidson, Assistant Director, David M. Cohen, Director, Civil Division, and David W. Ogden, Acting Assistant Attorney General, United States Department of Justice, Washington, D.C., for defendant.

### OPINION AND ORDER

SMITH, Chief Judge.

This *Winstar*-related case is one of four cases that was the subject of an opinion dealing with a number of liability-related issues in *California Federal Bank v. United States,* 39 Fed.Cl. 753 (1997). As part of that opinion, the court ordered the defendant in this case to show cause why the motion of plaintiffs in this action should not be granted, and liability found on all *Winstar* contract issues. In its response, the government identified six contract liability issues it believed still existed, to which material questions of fact remained in dispute. Quoting from defendant's response they are as follows:

1) Whether the FHLBB possessed authority to enter into the contracts at issue.

2) Whether Landmark failed to comply with material conditions precedent by failing to provide valid appraisals, acceptable to the Government, establishing the actual fair market value of properties transferred by Landmark to the books of the Landmark Thrifts to be counted as part of the Landmark Thrifts' capital.

3) Whether Landmark induced the Government's assent to the transactions and its continuing performance under the transactions by continuing fraudulent or material misrepresentations as to the fair market value of properties transferred to the books of the Landmark Thrifts, upon which the government relied to its detriment.

4) Whether Landmark breached its obligations under the resolutions at issue to maintain the Landmark Thrift's capital at required levels, when the value of the property transferred to the Landmark Thrifts's [sic] books declined in value.

5) Judgment as to liability may not be entered because Landmark can show no damages from any breach.

6) Judgment as to liability cannot be entered in favor of Landmark because Landmark has forfeited its claims against the Government pursuant to 28 U.S.C. § 2514.

Resp. of the United States to the Court's Order to Show Cause at 20.

Of these six defenses, the first and fifth can be resolved quickly. As to the question of FHLBB authority, plaintiff Landmark Land Company and plaintiff FDIC, as successor to Oak Tree Bank, make quick work of this argument, citing the Supreme Court's *Winstar* opinion, the *California Federal* opinion, and the language of the Assistance Agreement in the Dixie transaction and the FHLBB Resolution in the St. Bernard transaction. Apparently, this citation to the law and the record was sufficient to discourage the government from rearguing the issue in its subsequent show cause filings. The question of no entry of liability because Landmark can show no damages is a mere verbal argument, but irrelevant to the question of whether the court can determine whether there was a contract and whether FIRREA breached that contract.

The question of whether there is a genuine issue of material fact regarding the validity and acceptability of the appraisals as part of both the Dixie and St. Bernard transactions is squarely resolved by the record evidence. The evidence is unambiguous that govern-

ment regulators reviewed and accepted the appraisals as valid for purposes of satisfying the contract terms. The evidence presented by defendant only shows that there were at times concerns expressed by regulators about the accuracy of the appraisals, not that they were not accepted by the government as satisfactory conditions required of and performed by Landmark. Defendant's concerns do not appear to address a question of failure to satisfy a condition precedent which excuses the government's nonperformance. Rather, the concerns about the appraisals deal with two other possibilities: (1) an allegation of fraud by Landmark in both inducing the formation of the contract and in persuading defendant to maintain performance; or (2) a question related to the quantum of damages, where the court certainly can imagine these appraisals to be relevant. However, as to the issue of failure to satisfy a condition precedent, there is no genuine issue of material fact whether plaintiff did so in both transactions to the satisfaction of the regulators.

Indeed, it appears to the court that issues three (continuing fraudulent material misrepresentations) and four (failure to maintain the thrifts' capital at required levels) both relate to allegations of fraud against Landmark that could potentially defeat liability. Even so, the evidence presented by defendant in its show cause briefs, which defendant contends may show fraud by Landmark in the performance of the contract, really raises damages, not contract formation and execution, issues. The example defendant spends significant time on in its second show cause brief, the allegedly curious case of the Floyd report, generated a lot of paper but little related to the question of contract and breach. The fact is that the government contracted in both instances for plaintiff to infuse capital by investing its real estate holdings in order to improve the capital position of the failing thrifts. In both instances plaintiff did so to the satisfaction of the regulators. That there are questions now about

the value of that real estate, or that the value of some of the real estate contributed was of concern to the regulators at the time, is irrelevant to the question of whether Landmark satisfied its part of the bargain.* It did, and the government did not. The valuation disputes are properly left for the damages phase of the litigation.

Accordingly, the motions for summary judgment as to liability of Landmark Land Company and plaintiff FDIC are granted, for the reasons stated in the court's opinion in *California Federal* and in this order, and defendant's cross-motion for summary judgment is denied. The court does not address defendant's Special Plea in Fraud pursuant to 28 U.S.C. § 2514, but grants defendant's motion for leave to file an Answer, including a Special Plea in Fraud, this date.

It is further ordered that, pursuant to RCFC 77(f), the Omnibus Case Management Order (September 18, 1996) and the Priority Cases Pretrial Scheduling Order (April 2, 1997), this case is assigned for all further proceedings, except for motions for clarification of this order, to Judge Robert H. Hodges, Jr., as Trial Judge.

---

* Defendant's show cause papers are heavy on invective and very light on arguments relevant to liability. For example, in noting that Landmark contributed real estate with a purported fair market value of over $700 million to St. Bernard, when St. Bernard only had a capital deficit of

$17 million, the government concludes, without notation, that "Landmark intended to utilize this purported excess in regulatory capital to essentially loot its thrifts ..." This is strong language to include without record support.